## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## BATESVILLE DIVISION

KENNETH DYGO THOMAS,                                                                   PLAINTIFF
ADC # 550235

v.                                   1:15CV00045-JM-JJV

WHITE, Corporal,
North Central Unit; *et al.*                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Kenneth Dygo Thomas ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 2). He alleges that Defendant White negligently injured him and the remaining Defendants failed to take appropriate action in the aftermath of that incident. (*Id*. at 4-6.) After review of Plaintiff's Complaint, the Court finds that he has failed to state any claim upon which relief may be granted.

**II.   SCREENING**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing

*pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.  ANALYSIS

Plaintiff alleges that Defendant White negligently stepped on his foot and, afterwards, insulted him with a racial epithet. (Doc. No. 2 at 4.) He claims the other named Defendants failed to credit or reply to his grievances on the matter. (*Id*. at 6.) Lastly, he alleges that the infirmary denied him medical attention. (*Id*.) For the reasons stated hereafter, each of the Defendants should be dismissed.

####  A.    Defendant White[1]

The Complaint alleges that Defendant White, while walking backwards and talking to another correctional officer, "clumsily" stepped on Plaintiff's foot. (*Id*. at 4.) Plaintiff, who uses a cane to walk, says the collision knocked him over. (*Id*.) Defendant White then turned, berated Plaintiff for failing to move, and insulted him with a racial epithet. (*Id*.)

Plaintiff is precluded from pursuing any claim against Defendant White for stepping on his foot. This allegation plainly sounds in negligence and, as such, is not actionable under section 1983.

---

[1]Plaintiff lists two Defendants named "White." One is identified as a corporal at the North Central Unit. (Doc. No. 2 at 1.) Also listed is "Warden White", who is also allegedly employed at the North Central Unit. (*Id*. at 2.) This section addresses his claims against Corporal White.

3

*See Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005) (negligence, even gross negligence, not actionable under section 1983). Second, any claim based on Defendant White's alleged insults also fails. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983."); *Burton v. Livingston*, 791 F.2d 97, 101 n.1 (8th Cir. 1986) (an allegation that a prison guard used racially charged language in dealing with an inmate does not, in itself, give rise to an Equal Protection claim).

Based on the foregoing, Plaintiff's claims against Defendant White should be dismissed.

### B.     Defendants Harris and Payne [2]

Plaintiff alleges that he submitted grievances on the incident with Defendant White, but never received a response. (Doc. No. 2 at 6.) It is settled law that the failure to respond to an inmate's grievances does not give rise to a cause of action under section 1983. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that prison grievance procedure does not confer any substantive rights on inmates). Accordingly, Plaintiff has failed to state a viable claim against Defendants Harris and Payne.

### C.     Warden White and Unit Infirmary

Any claims Plaintiff seeks to bring against either Warden White or the Unit Infirmary fail. Warden White is listed as a Defendant to this action, but receives no mention in the Statement of Claim. Additionally, Plaintiff vaguely alleges that the Unit Infirmary denied him medical attention. (Doc. No. 2 at 6.) This claim fails to comport with the standard articulated in *Bell Atlantic Corp. v. Twombly* insofar as it does not plead "enough facts to state a claim to relief that is plausible on

---

[2] Defendant Payne garners no explicit mention in the Statement of Claim. Given her position as "Inmate Grievance Coordinator", the Court interprets Plaintiff's claims against her as being related to the failure to process his grievances. If Plaintiff has other claims against this Defendant, he may raise them in his objections to this Recommendation.

its face." 550 U.S. 544, 570 (2007). Notably, Plaintiff has failed to identify any specific injury for which he was not treated. *See White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994) (some actual injury is necessary in order to state an Eighth Amendment violation).

## IV. CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 7th day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."